IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-05-2243 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
| Plaintiff. | § | |

## MEMORANDUM ON DISMISSAL

Michael Williams submitted a rambling letter to the Clerk, Michael Milby, which has been filed as a complaint under 42 U.S.C. §1983. Williams is held in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID).

Williams's letter follows. Some unidentified person or entity has not mailed Williams his property. He found his old case, No. H-04-3899, and hopes it will "help you and me." Someone moved Williams without all of his property. On May 6, Williams received new paperwork from Milby. Someone knows Williams has a claim against the TDCJ.

Somebody jumped on Williams. Someone "wrote" both Williams and the other person, but used the other person's statement not Williams's. The other person tried to stick Williams with a pen. Williams does not know if Milby received his prior letter.

Williams is locked up on his current unit pending investigation. Williams cannot

get his personal property until he is assigned to the unit. Williams lost his hearing on June 27, 2001, in the Harris County Jail in the big flood. Williams was in a coma for almost two months. Williams still does not have any mail.

Milby should have moved Williams to a federal prison "for satisfy" [sic.] There is a lot of violence and "lack of society" on his current unit; it was a rude awakening. The unit is 65% black, 25% brown, and 10% white. Unit staffing is insufficient. Williams wrote a grievance. They did not write back—just shipped Williams with a note.

To the extent Williams makes claims that are discernible, they appear to concern incidents and claims raised in his prior lawsuit in this Court or they concern incidents that occurred at his current unit, the Beto I Unit of the TDCJ-CID. The Beto I Unit is in the Eastern District of Texas.

A plaintiff generally cannot raise claims in a new lawsuit that he already raised in a prior lawsuit in this Court. He certainly may not do so in a rambling letter to the Clerk. When venue is appropriate in another district, the district court should transfer the case there if it is in the interest of justice. *See* 28 U.S.C. §§ 1406(a), 1631. However, this Court will dismiss this letter-complaint, rather than transfer it to the Eastern District of Texas because Williams's possible claims are found in a letter of inquiry to the Clerk of this Court. Furthermore, Williams has not submitted the filing

fee nor moved to proceed as a pauper. Based on these circumstances, this Court will not transfer this letter-complaint under 28 U.S.C. § 1406(a).

Accordingly, it is ORDERED that this action be DISMISSED as improvidently filed and without prejudice to Williams properly raising his claims in the appropriate forum.

SIGNED at Houston, Texas, on this 27th day of July, 2005.

_____

DAVID HITTNER

United States District Judge